IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD LAMONT NEAL,        :

    Plaintiff,        :     Civil Action 2:05-cv-486

v.        :     Judge Sargus

SANDY SWIGERT, et al.,
            :     Magistrate Judge Abel
    Defendants.
            :

**ORDER**

Plaintiff Richard Lamont Neal, an inmate at the Southeastern Correctional Institution, brings this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by providing him with medical care that caused him discomfort.[1] This matter is before the Court on Magistrate Judge Abel's May 16, 2005 Initial Screening Report and Recommendation that Plaintiff's May 16, 2005 Complaint be dismissed pursuant to 28 U.S.C. § 1915A(a) and (b) and 42 U.S.C. § 1997e(c) because the complaint fails to identify any cognizable claims upon which relief may be granted (doc. 5). No objections were filed to the Report and Recommendation.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Initial Screening Report and Recommendation dismissing Plaintiff's

---

[1] Defendants are the following: Sandy Swigert, a physician's assistant that performed a rectal examination on Neal; Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"); A. Brady, an employee of CRC's Health Care Administration; Mark Saunders, former Warden of CRC; Gregory Bucholtz, Chief Institutional Inspector; Kay Northcup, Director of Healthcare for ODRC; and BJ Little, CRC Institutional Inspector.

1

Complaint for failure to identify a cognizable claim upon which relief may be granted (doc. 5).

Neal filed this suit alleging that Defendants violated his rights protected by the Eighth and Fourteenth Amendments when Defendant Sandy Swigert, a physician's assistant, performed a rectal examination on him. The complaint maintains that on June 7, 2003, upon entering the Southeastern Correctional Institution, Swigert saw Neal for a medical screening. Neal complained that he was having pain and discomfort while urinating. Swigert explained that it might be a prostate problem and then performed a rectal examination. The complaint further alleges that Neal did not consent to the examination and that it caused him discomfort.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Fed. R. Civ. P., a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Fed. R. Civ. P., provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate

indifference to his serious medical needs. *Id.* at 103-04. Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Id.* at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here Swigert was providing Neal with medical treatment, yet Neal disagreed with Swigert's medical judgment. As the Magistrate Judge stated, such disagreements are not actionable. Prisons are responsible for prisoners' medical treatment. Conducting a rectal examination when a prisoner is complaining of urological problems during an initial screening does not amount to cruel and unusual punishment. *See Wiley Davis v. Anibal Agosto*, 2004 WL 376833 (6th Cir. Feb. 27, 2004). Moreover, the complaint fails to state a claim against the remaining Defendants because their alleged actionable conduct was limited to denying Neal's grievances. *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994).

Accordingly, the Magistrate Judge's May 16, 2005 Initial Screening Report and Recommendation (doc. 5) is **ADOPTED**. This case is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendants.

7-5-2005
Edmund A. Sargus, Judge
United States District Court

3